IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH MICHAEL CAPERS,<br><br>            Plaintiff,<br><br>      v.<br><br>GARY M. LANIGAN,<br><br>               Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-3279 (JBS-KMW)<br><br>**OPINION** |

APPEARANCES:

Keith Michael Capers, Plaintiff Pro Se
#2409B/416728
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

Before the Court is Plaintiff Keith Michael Capers'
("Plaintiff"), submission of a civil rights complaint pursuant
to 42 U.S.C. § 1983. Plaintiff is convicted and sentenced state
prisoner currently confined at South Woods State Prison
("SWSP"), Bridgeton, New Jersey.  By Order dated May 19, 2015,
this Court granted Plaintiff's application to proceed *in forma
pauperis* pursuant to 28 U.S.C. § 1915(a) and ordered the Clerk
to file the Complaint. (Docket Entry 2). At this time, the Court
must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)
and 1915A to determine whether it should be dismissed as

frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the complaint will be dismissed. Plaintiff shall, however, be given leave to amend.

## I. BACKGROUND

Plaintiff brings this civil rights action against New Jersey Department of Corrections ("DOC") Commissioner Gary Lanigan.  The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff states that in September 2014, corrections officials inappropriately and unnecessarily transferred him from the Adult Diagnostic and Treatment Center ("ATDC") to SWSP. (Docket Entry 1 at 5). He was informed that he was ineligible for minimum custody status under DOC's Objective Classification System, N.J. ADMIN. CODE § 10A:9-2.1 *et seq.*, through which he was assigned an "override E-1 custody status,"[1] and placed in general population. (Docket Entry 1 at 5).

---

[1] "Code E-1: Permanent custody prohibition/bar. Medium custody status assignment or above only due to sexual or arson offense convictions pursuant to N.J.A.C. 10A:9-4.7." N.J. ADMIN. CODE § 10A:9-2.14(a)(5) (2015). Plaintiff was convicted of multiple counts of aggravated sexual assault, kidnapping, and related offenses in 2000. *See Capers v. Governor of New Jersey*, 525 F.

Plaintiff further states that corrections officers confiscated his medical braces for his leg and arm, which were injured as the result of a stroke in 2010. (Docket Entry 1 at 5). He claims that he has been suffering from severe pain and foot sores, and has been placed on high blood pressure medication and vitamins as a result. (Docket Entry 1 at 5).

Plaintiff asks this Court to order his release from custody and to compensate him for his time in custody and for medical neglect. (Docket Entry 1 at 6).

## II. DISCUSSION

### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

---

App'x 69, 71 (3d Cir. 2013). Inmates with an E-1 override code can never obtain reduced custody status. N.J. ADMIN. CODE § 10A:9-2.14(d) (2015).

defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking relief from a government official.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

4

(3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48

(1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011);

*Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**III. ANALYSIS**

Defendant is the Commissioner of the New Jersey DOC. A suit against a public official "'in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . .'" *Printz v. United States*, 521 U.S. 898, 930-31 (1997) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

Absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Section 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332 (1979). To the extent Plaintiff seeks relief against Defendant in his official capacity, the claim must be dismissed as Defendant is immune from suit.

Likewise, Plaintiff's claims against Defendant in his individual capacity must be dismissed for failure to state a

claim. "Government officials may not be held liable for the
unconstitutional conduct of their subordinates under a theory of
respondeat superior [and] a plaintiff must plead that each
Government-official defendant, through the official's own
actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556
U.S. 662, 676 (2009). *See also Bistrian v. Levi*, 696 F.3d 352,
366 (3d Cir. 2012).

   The Third Circuit has identified two general ways in which
a supervisor-defendant may be liable for unconstitutional acts
undertaken by subordinates: (1) "liability may attach if they,
with deliberate indifference to the consequences, established
and maintained a policy, practice or custom which directly
caused [the] constitutional harm"; or (2) "a supervisor may be
personally liable under § 1983 if he or she participated in
violating the plaintiffs rights, directed others to violate
them, or, as the person in charge, had knowledge of and
acquiesced in the subordinate's unconstitutional conduct."
*Barkes v. First Corr. Med., Inc.,* 766 F.3d 307, 316 (3d Cir.
2014) (internal citations omitted). Plaintiff has alleged no
facts that tend to prove Defendant himself acted
unconstitutionally.  Accordingly, the Complaint must be
dismissed.

   In this case, however, it is possible that Plaintiff may be
able to amend his complaint to assert a basis for Defendant

7

Lanigan's personal liability or to name non-immune defendants with personal liability, *e.g.*, the officers who confiscated his medical devices. Plaintiff shall therefore be given leave to amend his complaint. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 114 (3d Cir. 2002).[3]

To the extent Plaintiff asks this Court to release him from confinement, however, his sole remedy is a Petition for Writ of Habeas Corpus not a civil rights complaint under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Section 2254 supplies federal jurisdiction over habeas petitions filed by the inmates challenging their state convictions or sentences, or the execution of those state sentences, including the issues of parole, term calculation, etc." *McKnight v. United States*, 27 F. Supp. 3d 575, 579 (D.N.J. 2014) (citing 28 U.S.C. § 2254). This Court, however, lacks jurisdiction to consider Plaintiff's § 2254 claims absent an order pursuant to 28 U.S.C. § 2244.

---

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, *Federal Practice and Procedure* 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

Title 28 of the United States Code, Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Plaintiff has already filed two § 2254 petitions, *see Capers v. New Jersey*, 2011 WL 883646 (D.N.J. Mar. 10, 2011) (dismissing as second or successive petition); *Capers v. Rogers, et al.*, 2006 2806361 (D.N.J. Sept. 28, 2006) (dismissal on merits), and has already been advised of the procedural requirements of filing a second or successive application, 2011 WL 883646 at *3. Nothing in the complaint indicates he has sought and received permission from the Third Circuit to file another petition under § 2254. The Court therefore declines to separate the habeas claims into a separate matter at this time. In the event he files an amended complaint, Plaintiff shall not be permitted to seek habeas relief as those claims must first be presented to the Third Circuit.

## III.  CONCLUSION

For the reasons stated above, Plaintiff complaint is dismissed for seeking relief against an immune defendant and for failure to state a claim. An appropriate order follows.


**May 27, 2015**                          **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                               Chief U.S. District Judge