```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| KEITH MICHAEL CAPERS,<br><br>               Plaintiff,<br><br>    v.<br><br>GARY M. LANIGAN,<br><br>               Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-3279 (JBS-KMW)<br><br>**OPINION** |

APPEARANCES:

Keith Michael Capers, Plaintiff Pro Se
#2409B/416728
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

**SIMANDLE, Chief Judge:**

I.    **INTRODUCTION**

    Before the Court is Plaintiff Keith Michael Capers' ("Plaintiff"), submission of a proposed amended civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket Entry 5).

    Plaintiff is a convicted and sentenced state prisoner currently confined at South Woods State Prison ("SWSP"), Bridgeton, New Jersey. By Order dated May 27, 2015, this Court dismissed Plaintiff's original complaint for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and for seeking monetary relief from a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii). (Docket Entry 4). The Court also granted

leave to file a proposed amended complaint within 30 days. (Docket Entry 4). Plaintiff submitted a proposed amended complaint on June 30, 2015. (Docket Entry 5). For the reasons set forth below, the amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

**II. BACKGROUND**

In his amended complaint, Plaintiff alleges Defendant Lanigan and John Doe Correctional Officers deprived him of medical and physical therapy "by knowingly and purposefully keeping Plaintiff at the Adult Diagnostic & Treatment Center ["ADTC"] for reasons other than treatment." (Docket Entry 5 at 8).

According to the amended complaint, Plaintiff suffered a stroke in 2010, resulting in injury to his arm and leg. (Docket Entry 5 at 8). Plaintiff was instructed to use the inmate remedy system by Michelle Ricci on March 25, 2011, presumably regarding his placement at ADTC. (Docket Entry 5 at 8). He was subsequently informed by Ms. Ricci that "no action was taken because Plaintiff was transferred to South Woods State Prison." (Docket Entry 5 at 8). He returned to ADTC on September 21, 2011 at the direction of M. Yatauro "for reasons other than treatment." (Docket Entry 5 at 8). He was informed a transfer was possible on March 9, 2013. (Docket Entry 5 at 8). At some point, Plaintiff was transferred to SWSP. (Docket Entry 5 at 9).

Plaintiff asks this Court to order Defendant to pay for Plaintiff's Botox treatment and therapy, attorneys fees and costs, and compensatory and punitive damages. (Docket Entry 5 at 7).

## III. DISCUSSION

**A. Standards for a Sua Sponte Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking relief from a government official.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)

3

(following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

*Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV. ANALYSIS**

Plaintiff's claims against Defendant must be dismissed for failure to state a claim. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior [and] a plaintiff must

5

plead that each Government-official defendant, through the official's own actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). *See also Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012).

The Third Circuit has identified two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates: (1) "liability may attach if they, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm"; or (2) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiffs rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Barkes v. First Corr. Med., Inc.,* 766 F.3d 307, 316 (3d Cir. 2014) (internal citations omitted*), rev'd on other grounds sub nom Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

Plaintiff has alleged no facts beyond his conclusory allegations that tend to prove Defendant himself acted unconstitutionally regarding Plaintiff's placement in ADTC. Furthermore, the Court notes "an inmate does not have an inherent constitutional right to determine the place of his confinement, nor does he have a state-created liberty interest which allows him to be incarcerated at an institution of his

6

choosing." *Spuck v. Ridge*, 347 F. App'x 727, 730 (3d Cir. 2009) (citing *Olim v. Wakinekona*, 461 U.S. 238 (1983)). Accordingly, the Complaint must be dismissed.

Plaintiff has also failed to set forth sufficient facts to support a denial of medical care claim against Defendant. In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Presuming for screening purposes only that Plaintiff's 2010 stroke left him with serious medical needs, he does not indicate what those needs are and how Defendant Lanigan *himself* was deliberately indifferent to those needs. In order for this Court to reasonably infer a constitutional violation took place, Plaintiff must provide more factual detail regarding what treatment should have been provided. "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" is not sufficient for a complaint to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff may, however, be able to set forth facts that would permit his claims to go forward. He shall therefore be permitted to move for leave to amend his complaint within thirty (30) days of the date of this Opinion and Order. Any motion for

7

leave to amend must be accompanied by a proposed amended complaint. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, *Federal Practice and Procedure* 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Ibid.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Ibid.*

**V.  CONCLUSION**

For the reasons stated above, the amended complaint is dismissed without prejudice for failure to state a claim. Plaintiff may file an amended complaint curing the deficiencies within thirty (30) days from the entry of this Order. An appropriate order follows.


**September 30, 2015**          　　 　  　 s/ Jerome B. Simandle
Date                                                     JEROME B. SIMANDLE
                                                         Chief U.S. District Judge