IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH MICHAEL CAPERS,<br><br>            Plaintiff,<br><br>      v.<br><br>GARY M. LANIGAN, et al.,<br><br>            Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-3279 (JBS-KMW)<br><br>**OPINION** |

APPEARANCES:

Keith Michael Capers, Plaintiff Pro Se
#2409B/416728
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

    Before the Court is Plaintiff Keith Michael Capers' ("Plaintiff"), submission of a proposed second amended civil rights complaint pursuant to 42 U.S.C. § 1983. SAC, Docket Entry 10.

    Plaintiff is a convicted and sentenced state prisoner currently confined at South Woods State Prison ("SWSP"), Bridgeton, New Jersey. By Order dated May 27, 2015, this Court dismissed Plaintiff's original complaint for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and for seeking monetary relief from a

defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii). The Court also granted leave to file a proposed amended complaint within 30 days, which Plaintiff submitted on June 30, 2015. First Amended Complaint ("FAC"), Docket Entry 5. The Court dismissed the FAC for failure to state a claim on September 30, 2015, but granted Plaintiff another opportunity to amend his complaint. Plaintiff submitted his SAC on December 7, 2015.

For the reasons set forth below, the second amended complaint will be dismissed with prejudice for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii).

**II. BACKGROUND**

According to the SAC, Dr. Javier Taboada, a neurology consultant, prescribed Plaintiff physical therapy and Botox injections to treat a stroke he suffered in 2010 while he was confined in the Adult Diagnostic and Treatment Center ("ADTC"). SAC at 7. Shortly thereafter, Plaintiff was transferred to SWSP for treatment. *Id.*

On June 12, 2011, Nurse Renee Mills "released Capers from SWSP-ECU without any medical treatment and physical therapy." *Id.* The SWSP Classification Committee thereafter assigned him to the "cell sanitation/Temp Med." work detail on June 16, 2011. *Id.* He was transferred back to the ADTC on September 20, 2011. *Id.* Officer Martinzes confiscated his "medical devices" on

2

September 13, 2013, before sending Plaintiff back to SWSP. *Id.* at 7-8. Plaintiff complained about not receiving his treatment and therapy and the confiscation of his medical devices. A few months later, he received his blood-pressure medication and vitamins as well as his "personal property." *Id.* He was placed on the waiting list for physical therapy and the Department of Corrections approved the replacement of his medical devices. *Id.* He has not received his Botox treatments, however. *Id.*

Plaintiff asks this Court to order Defendants to pay for Plaintiff's Botox treatment and therapy, attorneys fees and costs, and compensatory and punitive damages. *Id.* at 9.

**III. DISCUSSION**

**A. Standards for a Sua Sponte Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject

3

to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking relief from a government official.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d

5

Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV. ANALYSIS**

The SAC, like the two previously filed complaints, fails to sufficiently allege violations of Plaintiff's constitutional right to adequate medical care. In order to set forth a cognizable claim for violations of this right, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Accepting the allegations in the complaint as true for screening purposes, there are sufficient facts for the Court to infer Plaintiff's stroke left him with medical needs for which a doctor prescribed Botox treatments. However, the complaint does not sufficiently allege any deliberate indifference to those needs by the Defendants.

Deliberate indifference involves the "wanton infliction of unnecessary pain." *Id.* at 105. It is more than mere negligence, and may be found where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) intentionally delays necessary medical treatment based on a non-medical reason; or (3) deliberately prevents a prisoner from receiving needed medical treatment. *See Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (citing

*Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). The SAC does not contain facts that would support a reasonable inference any of the Defendants had the necessary state of mind for deliberate indifference. A conclusory statement that Plaintiff has not received his Botox treatment is not enough. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009)("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts."). There must be specific facts that indicate Defendants were personally involved in denying Plaintiff his treatment and that they did so intentionally. In the absence of such facts, the SAC must be dismissed at this time.

The SAC is also deficient as Plaintiff' claims against Nurse Mills appear to be barred by the statute of limitations. Claims under § 1983 are governed by New Jersey's two-year statute of limitations on personal injury claims. *Green v. New Jersey*, 625 F. App'x 73, 76 (3d Cir. 2015). Plaintiff states Nurse Mills released him from the medical unit of SWSP without any treatment on June 12, 2011. SAC at 7. Even if there were sufficient facts to make out a deliberate indifference claim,

the statute of limitations expired on June 12, 2013, well before the original complaint was filed on May 12, 2015.

Finally, the factual portion of the complaint is entirely silent as to the allegedly unconstitutional actions of Officers Ottaviano and Christy. *Id.* at 4-5. Plaintiff only states that Ottaviano "confined Plaintiff to detention and caused further injury as a result of an acute cerebrovascular accident while at the state prison," and that Christy "imposed disciplinary sanctions on Plaintiff and inflicted further injury as a result of an acute cerebrovascular accident while at the state prison." *Id.* These statements are too vague for the Court to discern what claims Plaintiff is attempting to set forth and the factual underpinnings of the claims. Plaintiff must be able to set forth the specific injuries allegedly inflicted and other facts that show "more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted).

Plaintiff has already been given two additional opportunities to cure the deficiencies of his original Complaint. On both occasions, the Court explained the legal standard for claiming a violation of the Eighth Amendment right to adequate medical care. The Court can only conclude that Plaintiff is unable to allege facts sufficient to state a claim for an Eighth Amendment violation. Accordingly, the Court

8

concludes that permitting further amendment would be futile and will dismiss the Second Amended Complaint with prejudice. *See Hoffenberg v. Bumb*, 446 F. App'x 394, 399 (3d Cir. 2011); *Rhett v. N.J. State Superior Court*, 260 F. App'x 513, 516 (3d Cir. 2008) (affirming dismissal with prejudice after District Court gave pro se plaintiff several opportunities to comply with Rule 8).

## V. CONCLUSION

For the reasons stated above, the second amended complaint is dismissed for failure to state a claim. An appropriate order follows.

| | |
|---|---|
| **December 23, 2016** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |

9